# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

LUIS GALEGO,

      Plaintiff,

  v.

JOHN SCOTT, *et al.,*

      Defendants.

3:10-cv-00758-ECR-VPC

**REPORT AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE**

This Report and Recommendation is made to the Honorable Edward C. Reed, Jr., Senior United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4. Before the court is defendants' motion for summary judgment (#13).[1] Plaintiff did not oppose defendants' motion. The court has thoroughly reviewed the record and the motion and recommends that defendants' motion for summary judgment (#13) be granted.

## I. HISTORY & PROCEDURAL BACKGROUND

Plaintiff Luis Galego ("plaintiff") is currently incarcerated at Lovelock Correctional Center ("LCC") in the custody of the Nevada Department of Corrections ("NDOC") (#10, p.1). Plaintiff brings his complaint pursuant to 42 U.S.C. § 1983, alleging a violation of his Eighth Amendment right to adequate medical care by NDOC medical personnel. *Id*. at 9. Plaintiff claims that defendants are deliberately indifferent to his ankle injury and the pain he experiences due to his ailment. *Id*. Plaintiff names the following persons as defendants in both their official and individual capacities: Dr. John Scott, LCC Senior Physician; Katherine Hegge, Registered Nurse at LCC; and Don Poag, Registered Nurse at LCC.[2] *Id*. at 4.

---

[1] Refers to the court's docket number.

[2] Plaintiff also named Dr. Bruce Bannister, Medical Director at LCC as a defendant, but the court dismissed the claims against Dr. Bannister upon screening the complaint pursuant to 28 U.S.C. § 1915A (#9, p. 6).

1       Defendants' motion requests that the court grant summary judgment on plaintiff's Eighth
2 Amendment claim, dismiss claims against defendants in their official capacities from this action, and
3 grant summary judgment in favor of the defendants based on the defense of qualified immunity
4 (#13).

5       The following facts are undisputed. Plaintiff injured his ankle while incarcerated at High
6 Desert State Prison (#10, p. 5; #13-1, Ex. A, p. 3). Upon incarceration at LCC, senior physician
7 defendant Scott ordered X-rays of plaintiff's ankle on August 6, 2008 (#13-1, Ex. K, p. 39). The X-
8 rays showed that plaintiff did not have a broken ankle but only bone spurs and mild arthritic changes.
9 *Id.* at 39-40. Plaintiff insists that he has a broken ankle which needs treatment (#10, p. 2).
10 Beginning in 2009, plaintiff filed several medical kites requesting pain medication and treatment for
11 his ankle (#14-1, Ex. G, (*sealed*)). Defendant Scott examined plaintiff and prescribed an analgesic
12 balm for plaintiff's ankle (#13-1, Ex. K, p. 40). Defendant Scott also prescribed Ibuprofen for
13 plaintiff's alleged pain but discontinued the medication when medical staff discovered that plaintiff
14 was not taking the medication and that the medication caused plaintiff side effects. *Id*.

15       Plaintiff filed an informal grievance on April 4, 2009, regarding treatment for his injured
16 ankle (#13-1, Ex. B, p. 9-10). On April 7, 2009, defendant Hegge responded, saying that the doctor
17 ordered a brace, cane, and pain medications, but no further treatment was recommended. *Id.* at 11.
18 On April 11, 2009, plaintiff filed a first level grievance requesting proper medical attention to his
19 injured ankle. *Id*. at 13. On April 20, 2009, defendant Poag replied, saying no evidence justifies the
20 treatment which plaintiff requests. *Id*. at 15. Plaintiff then filed a second level grievance regarding
21 the delay in the requested treatment. *Id*. at 16. Plaintiff complains that denial of his requested form
22 of medical care amounts to a deliberate indifference to his alleged serious medical need (#10, p. 3).

23       The court notes that the plaintiff is proceeding *pro se*. "In civil rights cases where the
24 plaintiff appears *pro se*, the court must construe the pleadings liberally and must afford plaintiff the
25 benefit of any doubt." *Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir.
26 1988); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).
27 ///
28 ///

## II.  DISCUSSION & ANALYSIS

**A.    Discussion**

    **1.    Summary Judgment Standard**

Summary judgment allows courts to avoid unnecessary trials where no material factual disputes exist. *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994). The court grants summary judgment if no genuine issues of material fact remain in dispute and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The court must view all evidence and any inferences arising from the evidence in the light most favorable to the nonmoving party. *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). However, the Supreme Court has noted:

> [W]e must distinguish between evidence of disputed facts and disputed matters of professional judgment. In respect to the latter, our inferences must accord deference to the views of prison authorities. Unless a prisoner can point to sufficient evidence regarding such issues of judgment to allow him to prevail on the merits, he cannot prevail at the summary judgment stage.

*Beard v. Banks*, 548 U.S. 521, 530 (2006). Where reasonable minds could differ on the material facts at issue, however, summary judgment should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251 (1986).

The moving party bears the burden of informing the court of the basis for its motion, and submitting evidence which demonstrates the absence of any genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the party opposing the motion may not rest upon mere allegations or denials in the pleadings but must set forth specific facts showing that there exists a genuine issue for trial. *Anderson*, 477 U.S. at 248. Here, the plaintiff does not oppose the defendants' motion for summary judgment. Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322-23.

**B.    Analysis**

Plaintiff brings suit against defendants in their official and individual capacities and complains that failure to give proper medical attention to his alleged broken ankle constitutes

1 deliberate indifference to his serious medical needs in violation of the Eighth Amendment (#10).
2 Defendants file an unopposed motion for summary judgment claiming that plaintiff's medical
3 condition was not a serious medical need and that they were not deliberately indifferent to his ankle
4 injury (#13).

    **1. Deliberate Indifference to Serious Medical Need**s

6   A prisoner's claim of inadequate medical care arises under the Eighth Amendment. The
7 unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by
8 the Eighth Amendment. *Whitley v. Albers*, 475 U.S. 312, 319 (1986). To prevail on an action
9 alleging cruel and unusual punishment, a plaintiff's case must satisfy an objective standard – that
10 the deprivation was serious enough to amount to cruel and unusual punishment, and a subjective
11 standard – deliberate indifference. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *see also Wilson
12 v. Seiter*, 501 U.S. 294, 297-304 (1991). A prison official violates the Eighth Amendment when he
13 responds with deliberate indifference to an inmate's serious medical need. *Farmer*, 511 U.S. at 834.

14   The objective requirement of a "serious medical need" is met if the failure to treat a
15 prisoner's condition could result in further significant injury or the "unnecessary and wanton
16 infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (citing *Estelle v. Gamble*,
17 429 U.S. 97, 104 (1976)). In this circuit, examples of serious medical needs include "the existence
18 of an injury that a reasonable doctor or patient would find important and worthy of comment or
19 treatment; the presence of a medical condition that significantly affects an individual's daily
20 activities; or the existence of chronic and substantial pain." *Lopez v. Smith*, 203 F.3d 1122, 1131
21 (9th Cir. 2000) (citations omitted).

22   The subjective standard of deliberate indifference requires "more than ordinary lack of due
23 care for the prisoner's interests or safety." *Farmer*, 511 U.S. at 835, (quoting *Whitley v. Albers*, 475
24 U.S. 312, 319 (1986)). The requisite state of mind lies "somewhere between the poles of negligence
25 at one end and purpose or knowledge at the other." *Id.* at 836. To prove deliberate indifference,
26 plaintiff must demonstrate that prison staff denied, delayed, or intentionally interfered with medical
27 treatment or that the way prison staff provided medical care indicates deliberate indifference, and
28 that plaintiff sustained damages as a result of such conduct. *Hutchinson v. United States*, 838 F.2d

4

1  390, 394 (9th Cir. 1988). Prison medical staff do not violate the Eighth Amendment simply because
2  their opinion concerning medical treatment conflicts with the opinion of the inmate-patient.
3  *Franklin v. Oregon*, 662 F.2d 1337, 1344 (9th Cir. 1981).

4  In this case, defendants' position is that plaintiff fails to establish that he has a medical
5  condition that is objectively serious, and that the defendants acted in deliberate indifference to his
6  alleged serious medical need (#13, p. 8-9). The court agrees. Defendants maintain that the X-rays
7  show that plaintiff's ankle is not broken. *Id* at 9. An inmate's condition, diagnosed as a sprained
8  ankle, bone spur, and neuroma, does not rise to a level of seriousness sufficient to constitute cruel
9  and unusual punishment in violation of the Eighth Amendment. *See Chatin v. Artuz*, 28 Fed. Appx.
10 10 (2d Cir. 2001). The court is also persuaded by cases holding that forms of arthritis or chronic
11 ankle pain are not sufficiently serious to meet the objective component necessary to establish a
12 constitutional violation. *See Veloz v. New York,* 35 F.Supp.2d 305 (S.D.N.Y. 1999) (fracture
13 fragment, bone cyst and degenerative arthritic in the toe was not sufficiently serious under the Eighth
14 Amendment); *see also Alston v. Howard*, 925 F.Supp. 1034, 1040 (S.D.N.Y. 1996) (plaintiff failed
15 to show that medical need for high performance footwear to remedy chronic ankle pain was
16 sufficiently serious to meet the objective component necessary to establish a constitutional
17 violation). Defendant Scott examined plaintiff and concluded that plaintiff had bone spurs in his
18 right ankle that were possibly arthritic (#13, Ex. K, p. 39). Thus, the court agrees that plaintiff's
19 ankle injury was not a serious medical need or "an injury that a reasonable doctor or patient would
20 find important and worthy of comment or treatment" *Lopez*, 203 F.3d at 1131 (citations omitted).
21 A non-defendant NDOC senior physician examined plaintiff and gave a second opinion that
22 plaintiff's right ankle was not broken (#13, p. 3). This is not a medical condition that significantly
23 affects an individual's daily activities or one that results in chronic and substantial pain. *Lopez*, 203
24 F.3d at 1131. Plaintiff was seen running and carrying his cane to pill call (#14-4, Ex. I, p. 33,
25 (*sealed*)). Plaintiff also "cheeked" his pain medication, rather than swallowing it for his alleged
26 ankle pain, and two bottles of the pills were confiscated from his property. *Id.* at Ex. H at 4; Ex. K
27 at 2. The court concludes that plaintiff does not suffer from chronic and substantial pain.
28 Defendants contend that even if the court finds that an injured ankle is an objectively serious

1  medical need, plaintiff fails to demonstrate any evidence constituting deliberate indifference to
2  plaintiff's serious medical needs. The court agrees. The defendants adequately responded to
3  plaintiff's numerous medical kites and requests for care (#14-1, (*sealed*)). Defendant Hegge
4  responded to plaintiff's informal legal grievances and ensured that a doctor addressed the grievance
5  in an appropriate manner (#13-1, Ex. L, p. 42). Defendant Poag also reviewed plaintiff's medical
6  kites, grievances, and his medical record, and he confirmed that plaintiff received proper medical
7  care (#13-1, Ex. M, p. 45). Defendant Scott also examined plaintiff at least twelve times and
8  prescribed analgesic balm and pain medication for plaintiff's ankle pain (#13-1, Ex. K, p. 40; #14-4,
9  Ex. H, p. 14, (*sealed*)).[3] Defendant Scott ordered an ankle brace for plaintiff (#13, p. 3). However,
10 plaintiff insists that his ankle is broken and requires surgery (#10, p. 8). A disagreement regarding
11 the treatment an inmate receives does not amount to deliberate indifference. *See Franklin,* 662 F.2d
12 at 1344. Defendants were not deliberately indifferent to plaintiff's alleged serious medical need
13 because they did not deny, delay, or intentionally interfere with plaintiff's medical care. To the
14 contrary, they responded to his requests for care, examined him, and treated him accordingly.

15 Defendants pursued a particular course of treatment for plaintiff's injured ankle, and plaintiff
16 merely disagrees with that medical decision. However, plaintiff does not demonstrate any factual
17 issues concerning whether the defendants were deliberately indifferent to his medical needs.
18 Summary judgment for defendants is proper.

19 **2.    Eleventh Amendment Immunity**

20 While the court recommends that defendants' motion for summary judgment be granted on
21 all claims, Eleventh Amendment immunity also bars some of plaintiff's claims. The Eleventh
22 Amendment states: "The Judicial power of the United States shall not be construed to extend to any
23 suit . . . against one of the United States by Citizens of another State . . . ." U.S. Const. amend. XI.
24 The Supreme Court has held that a suit against a state official in his or her official capacity is not suit
25 against that official, but rather a suit against the official's office; therefore, an official acting in his

---

[3] Defendant Scott discontinued the Ibuprofen prescription upon learning that plaintiff was not swallowing the pills and based on the determination that the medication caused plaintiff side effects (#13-1, Ex. K, p. 40).

or her official capacity is not a "person" under section 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Since the state and its officials are not considered "persons" within the meaning of section 1983, "they cannot be held liable under the statute for money damages." *Bank of Lake Tahoe v. Bank of America*, 318 F.3d 914, 918 (9th Cir. 2003).

Plaintiff names defendants in their official and individual capacities and he seeks money damages of no less than $25 million (#10). It is clear that defendants cannot be sued in their official capacities for money damages. *Bank of Lake Tahoe*, 318 F.3d at 918. Therefore, the court grants summary judgment for defendants John Scott, Katherine Hegge and Don Poag in their official capacities on all counts.[4]

### III. CONCLUSION

Based on the foregoing and for good cause appearing, the court concludes that plaintiff has not demonstrated that he has a serious medical need to which the defendants were deliberately indifferent. As such, the court recommends that defendants' motion for summary judgment (#13) be **GRANTED**. The parties are advised:

1. Pursuant to 28 U.S.C. § 636(b)(1)(c) and Rule IB 3-2 of the Local Rules of Practice, the parties may file specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be entitled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the District Court.

2. This Report and Recommendation is not an appealable order and any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the District Court's judgment.

///
///
///

---

[4] Because plaintiff has not demonstrated that defendants acted with deliberate indifference to a serious medical need, the court need not reach issues of qualified immunity.

## IV.  RECOMMENDATION

**IT IS THEREFORE RECOMMENDED** that defendants' motion for summary judgment (#13) be **GRANTED**.

**DATED**: September 8, 2011.

_____
**UNITED STATES MAGISTRATE JUDGE**